36629-318

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **RONALD HARRIS,** | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 4:22-CV-01063 |
| **U.S. CENTER FOR SAFESPORT,** | ) |
| Defendant. | ) |

## DEFENDANT U.S. CENTER FOR SAFESPORT'S MOTION TO DISMISS COMPLAINT

Defendant, **U.S. Center for SafeSport** (incorrectly sued as "Safesport, Inc.") (hereinafter "Defendant" or the "Center"), by and through its undersigned counsel, hereby files this Motion to Dismiss the Complaint filed by Plaintiff Ronald Harris ("Plaintiff" or "Harris"), pursuant to Federal Rule of Civil Procedure 12(b)(6) and in support thereof, avers as follows:

### INTRODUCTION

Plaintiff has brought an action seeking damages against the Center for slander. Because Congress has determined that the Center is immune from damages for slander, Plaintiff's claim fails as a matter of law. Plaintiff's claim is also barred by the 2-year Missouri statute of limitation applicable to an action for slander. Accordingly, the case should be dismissed with prejudice.

### PROCEDURAL HISTORY

Plaintiff commenced this action by filing a Petition in the Circuit Court of the City of St. Louis, Missouri, on June 16, 2021. Petition **(ECF No. 1)**. Plaintiff did not serve the Center with the Petition until over a year later, on October 3, 2022. On October 5, 2022, the Center removed the action to this Court. *See* Notice of Removal (ECF No. 2); *see also* **36 U.S.C. § 220541(d)(3)**

Page **1** of **7**

("Any civil action brought in a State court against the Center relating to the responsibilities of the Center under this section, section 220542, or section 220543, shall be removed, on request by the Center, to the district court of the United States in the district in which the action was brought, and such district court shall have original jurisdiction over the action without regard to the amount in controversy or the citizenship of the parties involved."). This Court has jurisdiction over this matter.[1]

## LEGAL STANDARD

Rule 12(b)(6) provides that an action should be dismissed where it fails to state a claim upon which relief can be granted. A complaint cannot survive a motion to dismiss unless it "contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." ***H & R Block E. Enterprises, Inc. v. Intuit, Inc.***, 945 F. Supp. 2d 1033, 1035 (W.D. Mo. 2013) (quoting ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009)).[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***McShane Constr. Co., LLC v. Gotham Ins. Co.***, 867 F.3d 923, 927 (8th Cir. 2017) (quoting ***Iqbal***, 556 U.S. at 678). "The purpose of this threshold pleading requirement is to allow a defendant to test the legal sufficiency of a complaint

---

[1] On October 14, 2022, Plaintiff filed a Motion to Remand and Amended Motion to Remand, erroneously arguing this Court does not have jurisdiction because the amount in controversy is allegedly less than $75,000. *See* Plaintiffs' (sic) Motion to Remand (**ECF No. 8**) and Plaintiffs' (sic) Amended Motion to Remand (**ECF No. 10**). The amount in controversy is irrelevant to jurisdiction pursuant to **36 U.S.C. §220541(d)(3)** (granting this Court original jurisdiction "without regard to the amount in controversy.").

[2] "Missouri is not a 'notice pleading' state." ***ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.***, 854 S.W.2d 371, 379 (Mo. 1993). Instead, "[t]he Missouri rules of civil procedure require fact pleading." ***State ex rel. Harvey v. Wells***, 955 S.W.2d 546, 547 (Mo. 1997). "Because Missouri is a fact-pleading state, the petition must contain a short and plain statement of the facts showing that the pleader is entitled to relief." ***Gerke v. City of Kansas City***, 493 S.W.3d 433, 436 (Mo. App. W.D. 2016) (internal quotation marks omitted); s*ee also* Missouri Rule of Civil Procedure 55.05.

so as to eliminate those actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Am. Traffic Solutions, Inc. v. B & W Sensors, LLC*, 2014 WL 1272509, at *2 (E.D. Mo. Mar. 27, 2014) (quotation marks omitted).

"[T]he plaintiff must allege facts – not mere legal conclusions – that, if true, would support the existence of the claimed torts." *Moses.com Securities v. Comprehensive Software Systems, Inc.*, 406 F.3d 1052, 1062 (8th Cir. 2005) (citing *Schaller Tel. Co. v. Golden Sky Systems*, 298 F.3d 736, 740 (8th Cir. 2002)).  "Labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" are insufficient to meet the plausibility standard. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 557 (2007) (internal quotation marks omitted)); *H & R Block E. Enterprises, Inc.*, 945 F. Supp. 2d at 1035.  A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002); *see also* *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir. 1990) (a court is not required to "blindly accept the legal conclusions drawn by the pleader from the facts.").

## ARGUMENT

**I.  Given the Center's Mission to End Abuse in Sport, Congress Granted the Center Immunity from Claims for Slander.**

On March 3, 2017, the Center opened its doors with the critical mission to end physical, emotional, and sexual abuse in the U.S. Olympic and Paralympic Movement (the "Movement"). The Movement is made up of over 50 private associations primarily known as National Governing Bodies ("NGBs").  There are estimated to be 11-14 million members of these associations, including athletes, coaches, and staff.  Plaintiff was a member of one of these associations, USA

Boxing.

On February 14, 2018, Congress affirmed the Center's mission when it enacted the Protecting Young Victims from Sexual Abuse and Safe Sport Authorization Act, Pub. L. No. 126, 115th Cong., 2d Sess., 132 Stat. 318 (Feb. 14, 2018). Congress stated that the Center "shall serve as the independent national safe sport organization and be recognized worldwide as the independent national safe sport organization for the United States." **36 U.S.C. § 220541(a)(1)(A)**. With that came the authority to "exercise jurisdiction" over Olympic and Paralympic sports "with regard to safeguarding amateur athletes against abuse, including emotional, physical, and sexual abuse, in sports." **36 U.S.C. § 220541(a)(2)**.

A key part of the Center's mandate is to provide notice to the public of those persons who have been rendered ineligible to participate in the Movement. In fact, Congress required the Center to publish such a list. *See* **36 U.S.C. § 220541(a)(1)(G)** (requiring the Center to "publish and maintain a publicly accessible internet website that contains a comprehensive list of adults who are barred by the Center…."). For reference, the Center's Centralized Disciplinary Database is available at: https://uscenterforsafesport.org/response-and-resolution/centralized-disciplinary-database.

Recognizing that the Center's actions in furtherance of its mission to end abuse, including publication on its database of those who are barred from participation in sport, might subject the Center to liability lawsuits, Congress sought "[t]o minimize the risk to the Center of litigation arising from actions performed in the course of the investigation, adjudication, and *sharing of information of abuse allegations*[.]" S. Rep. No. 115-443 at *2 (emphasis added). Congress recognized that "access to adequate insurance coverage has been a challenge for the Center." *Id.* at *3. With this concern in mind, Congress "provide[d] certain limitations on liability for the

Center…." *Id.* Congress anticipated that the limitation on liability would diminish the costs of potential litigation and "allow the Center to renegotiate its current insurance policy to receive more favorable terms." *Id.* Congress provided the following explicit "Limitation on liability" for the Center:

> Except as provided in paragraph (2) [regarding actual malice], an applicable entity shall not be liable for damages in any civil action for defamation, libel, slander, or damage to reputation arising out of any action or communication, if the action arises from the execution of the responsibilities or functions described in this section, section 220542, or section 220543.

**36 U.S.C. § 220541(d)(1)**. Congress envisioned the protection on liability would "extend not only to actions for defamation, libel, slander, or damage to reputation, but also to related actions, including, but not limited to, false light, intrusion upon seclusion, tortious interference, and abuse of process." *Id.* The Center is an "applicable entity" under this statute and, as noted above, maintenance of its Centralized Disciplinary Database is a congressionally required duty of the Center. **36 U.S.C. § 220541(d)(4)(A)**.

Congress did provide an exception to immunity from damages if the Center acted with "actual malice." **36 U.S.C. § 220541(d)(2)**. However, "[t]here is a presumption that the Center…, or officers, employees or agents thereof act pursuant to their duties...and without actual malice." S. Rep. No. 115-443 at *4. Hence, absent some showing of actual malice, the Center is immune from damages for publishing individuals on the Center's Centralized Disciplinary Database.

Here, Plaintiff's Petition asserts only one cause of action, which is for slander. *See* Petition (**ECF No. 1**). The two-page Petition contains just five numbered paragraphs. Plaintiff alleges that on or about November 29, 2017, the Center published a statement on its website that Plaintiff has been suspended from boxing as a result of sexual misconduct. *Id.* at ¶ 1-2. Plaintiff alleges the statement was false and published with the "requisite degree of fault." *Id.* at ¶ 3-4. For reference, here is a screenshot of the five paragraphs in their entirety:

4884-0523-2442.1                                5

> **SLANDER**
> 1. Plaintiff hereby allege that on or about 11/29/2017 Safe Sport published a statement
> 2. on its website alleging Plaintiff had been suspended from boxing as a result of "sexual misconduct, that published statement remains on website as of June 08, 2021,
> 3. the information published by Safe Sport was false, and
> 4. was published with requisite degree of fault, and
> 5. damages plaintiff's reputation in the boxing community, business relationships, and with future contracts with clients.

In sum, Plaintiff's Petition seeks only damages for slander. By statute, the Center is immune from liability for slander absent a showing of actual malice. Plaintiff does not allege *any* facts supporting an inference of malice, let alone sufficient facts to overcome the strong presumption that the Center acted without malice. Under the long line of cases following ***Iqbal***, merely stating a legal conclusion such as "with requisite degree of fault" without alleging a single fact in support of that conclusion is legally deficient. *See **Moses.com Securities***, 406 F.3d. at 1062 ("[T]he plaintiff must allege facts – not mere legal conclusions – that, if true, would support the existence of the claimed torts."). Accordingly, Plaintiff's single claim for damages fails, and the Petition should be dismissed.

**II.     Plaintiff's Claim is Untimely and Barred by the 2-Year Statute of Limitations.**

In addition to the statutory bar on Plaintiff's Petition, the Petition is also untimely because it was filed more than two years after the allegedly defamatory statement was made. Missouri requires that a claim for slander be commenced within two years of the publication of the statement. **Mo. Rev. Stat. § 516.140**. Plaintiff alleges the statement was made "on or about November 29, 2017." **ECF No. 1** at ¶ 1-2; *see **White v. Fawcett Pub**.*, 324 F. Supp. 403, 404-405 (W.D. Mo. 1970) (explaining that a libel action accrues at the time of the publication of the allegedly libelous statements). Accepting Plaintiff's alleged date as true for purposes of this Motion, Plaintiff was required to bring his action by November 29, 2019. Plaintiff waited until

June 16, 2021, to file suit this action.  It is therefore untimely and should be dismissed.

## CONCLUSION

Based upon its critical mission seeking to eradicate abuse in the Movement, Congress has determined that the Center should be immune from damage claims for slander absent malice. Plaintiff has failed to allege any facts to overcome the strong presumption that the Center acted without malice.  Hence, the claim is statutorily barred.  Plaintiff's action is also untimely under the Missouri statute of limitations.  For these reasons, the Center's Motion should be granted and the case dismissed with prejudice.

Respectfully submitted this 18th day of October, 2022.

      */s/ John F. Cooney*
**John F. Cooney**, MO Bar No. 32522
John.Cooney@lewisbrisbois.com
Lewis Brisbois Bisgaard & Smith LLP
103 W. Vandalia St., Ste. 300
Edwardsville, IL  62025
(314) 884-5006 (Phone)
(618) 692-6099 (Fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **October 18, 2022**, a true and correct copy of the foregoing was served by electronic mail using the Court's CM/ECF system and/or or by other means as noted below on all counsel or parties of record.

**Jonathan Savage**
SAVAGE LAW GROUP, LLC
7281 Olive Boulevard
St. Louis, Missouri 63130
savagelawgroupllc@gmail.com

**ATTORNEYS FOR PLAINTIFF**      */s/ John F. Cooney*