**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **RONALD HARRIS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )   Case No. 4:22-CV-1063 PLC |
| | ) |
| **U.S. CENTER FOR SAFESPORT,** | ) |
| | ) |
|     **Defendant.** | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Ronald Harris's motion to remand [ECF No. 8], amended motion to remand [ECF No. 10], and motion to strike [ECF No. 12]. Defendant United States Center for SafeSport opposes remand. [ECF No. 9]

**I.     Background**

This case arises from Defendant's alleged publication of a statement that Plaintiff "had been suspended from boxing as a result of 'sexual misconduct.'" [ECF No. 6] Plaintiff filed an action for slander against Defendant in the Circuit Court of St. Louis City seeking monetary relief. [Id.] Defendant removed the case to federal court pursuant to 28 U.S.C. § 1446(a) and 36 U.S.C. § 220541. [ECF No. 1]

Plaintiff moved to remand the case to state court, arguing that the Court lacks diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy requirement was not satisfied. [ECF No. 8] Later that day, Defendant filed a response in opposition to Plaintiff's motion to remand, asserting that the case was removed on the basis of federal question, not diversity of citizenship. [ECF No. 9] Shortly thereafter, Plaintiff filed an amended motion to

1

remand, challenging both this Court's diversity jurisdiction and federal question jurisdiction. [ECF No. 10]

One week later, Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF No. 11]  In response, Plaintiff filed a "Motion in Opposition," requesting the Court "strike" Defendant's motion to dismiss because "this Court has not yet made its ruling on both the Defendant's Notice of Removal and Plaintiff's Notice to Remand." [ECF No. 12]

## II. Legal Standard

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 568 U.S. 251, 257 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).  A civil action brought in state court may be removed to a federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a); In re Prempro Prod. Liab. Litig., 591 F.3d 613, 619 (8th Cir. 2010) ("A defendant may remove a state law claim to federal court only if the action originally could have been filed there.").

The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence. Turntine v. Peterson, 959 F.3d 873, 881 (8th Cir. 2020).  Removal statutes are strictly construed, and a court must resolve any doubts about federal jurisdiction in favor of remand.  Int'l Ass'n of Entrepreneurs of Am. v. Angoff, 58 F.3d 1266, 1270 (8th Cir. 1995).

## III. Discussion

In the amended motion to remand[1], Plaintiff contends that the Court should remand this

---

[1] Plaintiff filed a motion to remand and an amended motion to remand on the same day.  As

case because his claim "does not arise under the Constitution, laws, or treaties of the United States as set forth under 28 U.S.C. Section 1441(c)(1)(a)…[b]ut instead arises from Missouri State Law Slander."[2]  [ECF No. 10]  Plaintiff neither cites authority in support of his argument nor addresses Defendant's assertion that 36 U.S.C. § 220541(d)(3) "gives this Court original jurisdiction over actions involving this Defendant."  [ECF No. 1]

In 2017, Congress enacted the Protecting Young Victims from Sexual Abuse and Safe Sports Authorization Act ("SSAA"), 36 U.S.C. §§ 220501 *et seq.*, establishing Defendant as "the independent national safe sport organization … for the United States."   36 U.S.C. § 220541(a)(1)(A).  The SSAA authorizes Defendant to "exercise jurisdiction" over Olympic and Paralympic sports "with regard to safeguarding amateur athletes against abuse, including emotional, physical, and sexual abuse, in sports[.]"  Id. at § 220541(a)(1)(B).  Under the SSAA, Defendant is "responsible for developing policies that all U.S. Olympic governing bodies must implement to better protect their athletes and, most critically, [Defendant] was charged with investigating claims of abuse against amateur U.S. athletes."  166 Cong. Rec. H5119-02, 2020 WL 5866765 (Oct. 1, 2020). See also 36 U.S.C. § 225041(a)(1)(D), (E).

In October 2020, Congress enacted the Empowering Olympic, Paralympic, and Amateur Athletes Act of 2020, amending the SSAA to provide Defendant a "steady revenue stream" and "bring much-needed further reform to" protect "young athletes." 166 Cong. Rec. H5119-02, 2020

---

Defendant does not appear to oppose the amendment, the Court, in its discretion, will consider the Amended Motion to Remand and deny the Motion to Remand as moot.

[2] Plaintiff also asserts that this Court lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332. A federal court has original diversity jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a)(1).  Defendant does not dispute Plaintiff's assertion that the pleadings and record at the time of removal do not establish that the amount in controversy exceeds $75,000, exclusive of interest and costs.  [See ECF No. 9]   The Court therefore declines to address the issue of diversity jurisdiction.

3

WL 5866765 (Oct. 1, 2020).  Among other things, the amended statute requires Defendant to "publish and maintain a publicly accessible internet website that contains a comprehensive list of adults who are barred by the Center[.]"  36 U.S.C. § 220541(a)(1)(G).  Additionally, the amended statute provides for the removal to federal court of cases involving Defendant as follows:

> Any civil action brought in a State court against the Center relating to the responsibilities of the Center … shall be removed, on request by the Center, to the district court of the United States in the district in which the action was brought, and such district court shall have original jurisdiction over the action without regard to the amount in controversy or the citizenship of the parties involved.

Id. at § 220541(d)(3)(A).

Plaintiff filed the instant civil action in the Circuit Court of St. Louis City alleging that Defendant "published a statement on its website alleging Plaintiff had been suspended from boxing as a result of 'sexual misconduct[.']"  [ECF No. 6]   Because (1) Plaintiff's action "relat[es] to the responsibilities of" Defendant and (2) Defendant removed this case to "the district court of the United States in the district in which the action was brought," this Court has original jurisdiction over the case pursuant to 36 U.S.C. § 225014(d)(3)(A).  See, e.g., Am. Nat'l Red Cross v. S.G., 505 U.S. 247, 256 (1992) ("Article III's 'arising under' jurisdiction is broad enough to authorize Congress to confer federal-court jurisdiction over actions involving federally chartered corporations.").  The Court therefore denies Plaintiff's motion to remand.

After careful consideration,

**IT IS HEREBY ORDERED** that Plaintiff's amended motion to remand [ECF No. 10] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to remand [ECF No. 8] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike [ECF No. 12] is **DENIED**.

4

Plaintiff may file a response, if any, to Defendant's motion to dismiss [ECF No. 11] no later than **November 23, 2022**.

                                                                                                                        PATRICIA L. COHEN
                                                                                                                        UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of November, 2022