UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:22-CV-01063 |
| v. | ) | |
| | ) | |
| U.S CENTER FOR SAFESPORT, | ) | |
| | ) | |
| Defendant. | ) | |

## REPLY TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Ronald Harris (hereinafter "Plaintiff"), by and through undersigned counsel hereby request this Court deny Defendant, U.S Center for SafeSport (hereinafter "Defendant") Motion to Dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). In support of said Motion Plaintiff states as follows.

## INTRODUCTION

Plaintiff brought an action against the Defendant seeking damages for slander. Plaintiff alleges that the Defendant published a statement, knowing its falsity, on its website alleging that the Plaintiff was barred from coaching boxing as a result of sexual misconduct between Plaintiff and a minor. After the Plaintiff learned about the statement, he was told that the defamatory statement would be removed. However, and at the filing of this Petition, the defamatory statement alleging the Plaintiff engaged in a sexual activity with a minor was still on the Defendants website.

## STANDARD OF REVIEW

### Iqbal and Twombly Application

Plaintiff moves this court to deny Defendant's Motion to Dismiss because the Plaintiff's complaint does state a claim in which relief can be granted under Rule 12(b)(6) of the Federal

Rules of Civil Procedure. The Supreme Court in <u>Twombly</u> held, a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007). Under this rule, "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Id</u>. "Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." <u>Twombly</u>, 550 U.S. at 556. This Court, ultimately, must deny Defendants Motion to Dismiss because Plaintiffs complaint does adhere to <u>Iqbal and Twombly</u> 12(b)(6) standard.

## ARGUMENT

I.  **PLAINTIFF'S COMPLAINT DOES MEET THE 12(B)(6) STANDARD SETFORTH IN IQBAL AND TWOMBLY**

When presenting a complaint for slander, Plaintiff's complaint must establish a prima facie case. Plaintiffs must establish the following prima facie elements: "1) publication, 2) of a defamatory statement, 3) that identifies the plaintiff, 4) that is false, 5) that is published with the requisite degree of fault, and 6) damages the plaintiff's reputation." <u>State ex rel. BP Products N. Am. Inc. v. Ross</u>, 163 S.W.3d 922, 929 (Mo. 2005).

A.  **Plaintiff's complaint does state a claim in which relief can be granted because U.S Center for Safesport is NOT immune from damages for slander.**

When Congress enacted the Protecting Young Victims from Sexual Abuse and Safe Sport Authorization Act, Pub. L. No. 126, 115TH Cong., 2d Sess., 132 Stat. 318 (Feb, 2018), it was "to prevent the sexual abuse of minors and amateur athletes by requiring the prompt reporting of

sexual abuse to law enforcement authorities" not to allow the Defendant to publish false and malicious claims of alleged sexual misconduct that could potentially damage one's reputation, business relationships, and future contracts. (see Protecting Young Victims from Sexual Abuse and Safe Sport Authorization Act). Congress does provide, "an applicable entity shall not be liable for damages in any civil action for defamation, libel, slander, or damage to reputation arising out of any action or communication, if the action arises from the execution of the responsibilities or functions described in this section, section 220542, or section 220543." 36 U.S. Code § 220541. Congress also provides that the Defendant can be held liable for damages by a showing of "actual malice." Id.  "Actual malice exists where a defendant had actual knowledge that the alleged defamatory statement was false or acted with reckless disregard as to its truth or falsity at a time when the defendant had serious doubts as to its truth." Bauer v. 7-Eleven, Inc., 391 S.W.3d 25, 28 (Mo.App. E.D. 2012). "[A]ctual malice does not mean ... that defendant was actuated by spite, ill will and a purpose to injure the plaintiff." Wright v. Over-The-Rd. & City Transfer Drivers, Helpers, Dockmen & Warehousemen, Local Union No. 41, Int'l Broth. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 945 S.W.2d 481, 494 (Mo.App. W.D. 1997).

Here, "in an action for libel or slander, it shall not be necessary to state in the petition any extrinsic facts, for the purpose of showing the application to the plaintiff of the defamatory matter out of which the claim arose, but it shall be sufficient to state, generally, that the same was published or spoken concerning the plaintiff. . . ." RSMo § 509.210 (West). Plaintiff's Petition alleges that a statement was published by Defendant on the Defendant's website.  Plaintiff alleges that the statements published by Defendant were false because Plaintiff was not suspended for sexual misconduct nor were there any allegations of sexual misconduct. In addition, Plaintiff's Petition alleges damages to the Plaintiffs reputation, boxing community and with future contracts.

3

Finally, as noted in <u>Engelzos</u>, the "question of [actual] malice is a jury question," not the court. <u>Englezos v. Newspress & Gazette Co.</u>, 980 S.W.2d 25, 34 (Mo.App. W.D. 1998). Therefore, this Court should deny the Defendants Motion to Dismiss.

### 2. Plaintiff's Claim is not untimely and barred by the 2-year statute of limitations.

Plaintiff claim is not barred by the two-year statute of limitations because the Plaintiff did not learn about the defamatory statement until after 2019 and the finically effects of the defamatory statements did not occur until 2019.

In <u>Ballinger</u>, the Court held the statute of limitations began to run when a Plaintiff learns about the defamatory statement and when the plaintiffs begin to suffer financial harm. The Court stated, "statute of limitations began to run [ ] not when [a] defamatory statement [is] made, but when damages [are] ascertained." Section 516.100, RSMo <u>Thurston v. Ballinger</u>, 884 S.W.2d 22, 26 (Mo.App. W.D. 1994).

Therefore, and here, the statute of limitations began to run after the Plaintiff became aware of the statement and when Plaintiff's business began to decline as a result of others believing that he was a sexual predator. Only then, after he had learned of Defendants false statements and had begun to suffer the loss of business, did the fact of damage from the false statements appear. Thus, this Court should conclude, like in Ballinger, that the Plaintiff's Petition is not barred by the 2-year statute of limitations. As such, this Court must deny the Defendants Motion to Dismiss.

Finally, and in the alternative, pursuant to Federal Civil Rule 15 is Plaintiff requesting leave to amend his petition.

WHEREFORE, based upon the above and foregoing, Plaintiff respectfully prays this Court deny Defendants Motion to Dismiss, awarded its costs, expenses and attorneys' fees herein

incurred and expended, together with such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

/s/Jonathan Savage
Jonathan Savage 69446MO
7281 Olive Blvd
St. Louis, MO 63130
314-282-4284
314-261-5027 Fax

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent to opposing counsel via electronic mail, in pdf format, on this 12/23/2022

/s/Jonathan Savage