UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **RONALD HARRIS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-CV-1063 PLC |
| | ) |
| **U.S. CENTER FOR SAFESPORT,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant United States Center for SafeSport's motion to dismiss Plaintiff Ronald Harris's petition pursuant to Fed R. Civ. P. 12(b)(6). [ECF No. 11] Plaintiff filed a response in opposition to Defendant's motion and a motion for leave to file an amended petition pursuant to Fed R. Civ. P. 15. [ECF No. 17]  For the reasons that follow, the Court grants Defendant's motion.

**I.    Background**

On November 29, 2017, Defendant published a statement on its website (the "Centralized Disciplinary Database") that Plaintiff "had been suspended from boxing as a result of 'sexual misconduct[.]'" [ECF No. 6 at ¶¶ 1-2] On June 16, 2021, Plaintiff filed an action for slander against Defendant in the Circuit Court of St. Louis City seeking monetary relief. [ECF No. 6] Plaintiff alleges in the petition that Defendant's statement was false, Defendant published the information with the "requisite degree of fault," and Plaintiff has sustained damages to his reputation and business relationships as a result of the publication.  [ECF No. 6 at ¶¶ 3-4] Defendant removed the case to federal court pursuant to 28 U.S.C. § 1441 and 36 U.S.C. § 220541(d)(3). [ECF No. 1]

1

Defendant filed a motion to dismiss Plaintiff's complaint asserting that: (1) Plaintiff's claim fails as a matter of law because "Congress has determined that [Defendant] is immune from damages for slander" pursuant to 36 U.S.C. § 220541(d)(1); and (2) Plaintiff's claim is barred by the two-year statute of limitation applicable to an action for slander pursuant to Mo. Rev. Stat. § 516.140. [ECF No. 11]

Plaintiff opposes Defendant's motion contending Congress provided that "Defendant can be held liable for damages by a showing of 'actual malice'" pursuant to 36 U.S.C. § 220541(d)(2) and the "question of [actual] malice is a jury question." [ECF No. 17] Plaintiff asserts his claim is not time barred because the two-year statute of limitation did not begin to run until after he "learned of Defendant's false statement and had begun to suffer [a] loss of business" in 2019. [Id.] Alternatively, Plaintiff filed a motion for leave to file an amended petition. [ECF No. 17] Plaintiff's proposed amended petition adds the allegations that: (1) Defendant's publication of the statement was "made with actual malice[,]" and (2) "Plaintiff learned about the statement and began to suffer financial loss after 2019." [ ECF No. 17-1 at ¶¶ 2, 4]

## II.     Legal Standard

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint. Fed. R. Civ. P. 12(b)(b). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2006)). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  When considering a motion to dismiss for failure to state a claim, the reviewing court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor. Id. However, the court need not accept legal conclusions cast in the form of

2

factual allegations, such as "formulaic recitation[s] of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." Id. (citing Twombly, 550 U.S. at 556). Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice. Id.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend the pleadings should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this standard, denial of leave to amend pleadings is appropriate when there are "compelling reasons 'such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the nonmoving party, or futility of the amendment.'" Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1065 (8th Cir. 2005) (quoting Hammer v. City of Osage Beach, 318 F.3d 832, 844 (8th Cir. 2003).

**III.  Discussion**

A.  Defendant's Motion to Dismiss Case

Defendant moves to dismiss Plaintiff's claim contending Congress has determined that it is immune from damages for slander[1] under 36 U.S.C. § 220541(d)(1). [ECF No. 11]  Plaintiff opposes Defendant's motion, asserting Defendant can be held liable for damages by a showing of "actual malice." [ECF No. 17]

By enacting the Protecting Young Victims from Sexual Abuse and Safe Sports Authorization Act ("SSAA"), 36 U.S.C. §§ 220541 *et seq.*, Congress established Defendant as "the independent national safe sport organization … for the United States[.]" 36 U.S.C. §

---

[1] "[L]ibel and slander have evolved to the point where modern law combines them as the generic tort of defamation." State ex rel. BP Products North America Inc. v. Ross, 163 S.W.3d 922, 929 (Mo. 2005) (quoting Nazeri v. Mo. Valley Coll., 860 S.W.2d 303, 308 (Mo. 1993).  To succeed on a claim of defamation, the plaintiff must prove the defendant published, "with the requisite degree of fault," a false defamatory statement that identifies the plaintiff and which damaged the plaintiff's reputation. Id.

3

220541(a)(1)(A); Nothstein v. USA Cycling, No. 19-1631, 499 F. Supp. 3d 101, 116 (E.D. Penn. Nov. 5, 2020). The SSAA authorizes Defendant to "exercise jurisdiction" over Olympic and Paralympic sports "with regard to safeguarding amateur athletes against abuse, including emotional, physical, and sexual abuse, in sports[.]" Id. at § 220541(a)(1)(B); Nothstein, 499 F. Supp. 3d at  116; Sanderson v. United States Center for SafeSport, Inc., No. 21-cv-1771-CMA, 2021 WL 3206322, at *3  (July 29, 2021); Callaghan v. US Center for Safe Sport, No. 2:18-cv-336-FtM-99CM,  2018 WL 4107951, at *3 (M.D. Fla. Aug. 29, 2018). Defendant is responsible for developing policies and procedures to prevent the abuse of amateur athletes and for "establish[ing] mechanisms that allow for the reporting, investigation, and resolution … of alleged sexual abuse in violation of [Defendant's] policies and procedures[.]" 36 U.S.C. §§ 225041(a)(1)(C), (D); Nothstein, 499 F. Supp. 3d at  116-17; Sanderson, 2021 WL 3206322, at *3; Callaghan, 2018 WL 4107951, at *3. The SSAA requires Defendant to "publish and maintain a publicly accessible internet website that contains a comprehensive list of adults who are barred by the Center[.]" 36 U.S.C. § 220541(a)(1)(G).

The purpose of the SSAA "is to promote a safe environment in sports that is free from abuse" and the statute reflects Congress's intent to "promote a culture of reporting sexual assault among young athletes." S. Rep. No. 115-443, 2018 WL 6819306, at *1 (first quote); 163 Cong. Rec. H 4520, 4522 (daily ed. May 24, 2017) (statement of Rep. Buck) (second quote). See also Nothstein, 499 F. Supp. 3d at  117.  "To minimize the risk to the Center of litigation arising from actions performed in the course of the investigation, adjudication, and sharing of information of abuse allegations," S. Rep. No. 115-443, 2018 WL 6819306, at *2, the SSAA provides limitations on Defendant's liability, stating it:

> shall not be liable for damages in any civil action for defamation, libel, slander, or damage to reputation arising out of any action or communication, if the action arises from the execution of the responsibilities or functions described in this section, section 220542, or section 220543.

4

36 U.S.C. § 220541(d)(1); <u>Nothstein</u>, 499 F. Supp. 3d at  116. The only exceptions to the limitations on the Center's liability are when the Center "acted with actual malice, or provided information or took action not pursuant to this section, section 220542, or section 220543." 35 U.S.C. § 220541(d)(2). Because publishing and maintaining the publicly accessible Centralized Disciplinary Database that contains the information of Plaintiff's suspension is within the Defendant's responsibilities as described in 36 U.S.C. § 220541(a)(1)(G), Defendant is immune from liability unless it acted with actual malice in the performance of its duties. 36 U.S.C. §§ 220541(d)(1), (2).  <u>See</u> <u>also</u> <u>Nothstein</u>, 499 F. Supp. 3d at 120 (decision to suspend the plaintiff and "place him on a list of suspended riders 'ar[o]s[] from the execution of the responsibilities or functions described in' the SSAA, and is, therefore, protected by the SSA's limitation on liability").

"Actual malice exists where a defendant had actual knowledge that the alleged defamatory statement was false or acted with reckless disregard as to its truth or falsity at a time when the defendant had serious doubts as to its truth." <u>Bauer v. 7-Eleven, Inc.</u>, 391 S.W.3d 25, 27 (Mo. App. 2012) (citing <u>St. Amant v. Thompson</u>, 390 U.S. 727, 730–31 (1968)); <u>see also New York Times Co. v. Sullivan</u>, 376 U.S. 254, 279-80 (1964).  While Federal Rule of Civil Procedure 9(b) states that actual malice "may be alleged generally," a plaintiff must set forth in his complaint "enough facts from which malice might reasonably be inferred." <u>Nelson Auto Ctr., Inc. v. Multimedia Holdings Corp.</u>, 951 F.3d 952, 958 (8th Cir. 2020) (quoting <u>Schatz v. Republican State Leadership Comm.</u>, 669 F.3d 50, 58 (1st Cir. 2012)). Thus, "a defamation suit may be dismissed for failure to state a claim where the plaintiff has not pled facts sufficient to give rise to a reasonable inference of actual malice." <u>Id.</u>

Here, in seeking damages for slander, Plaintiff's petition alleges Defendant published a false statement on its website with the "requisite degree of fault." [ECF No. 6 at ¶ 3-4] Plaintiff's

5

petition contains neither an allegation of "actual malice" nor, more importantly, any factual allegations from which the Court could reasonably infer Defendant acted with actual malice. Conclusory allegations that the statement was "false" and published with the "requisite degree of fault" are insufficient to support a finding that Defendant knew the statement was false or acted with reckless disregard as to whether it was false. Because Plaintiff's petition fails to sufficiently plead actual malice, Defendant is immune from damages for Plaintiff's slander claim. See Nothstein, 499 F. Supp. 3d at 120 (defendant immune from liability for its placement of the plaintiff on a list of suspended athletes because the placement arose "'from the execution of the responsibilities or functions described in' the SSAA"). As a result, Plaintiff has failed to state a claim upon which relief can be granted.  The Court therefore dismisses Plaintiff's petition without prejudice.[2]

B. Plaintiff's Motion for Leave to File an Amended Petition

In his response, Plaintiff moved for the Court to grant him leave to file an amended petition under Rule 15 in the event the Court granted Defendant's motion to dismiss. [ECF No. 17] Plaintiff's proposed amended petition added the allegation that Defendant's publication was "made with actual malice."[3] [ECF No. 17-1 at ¶4]

"Generally, 'parties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim.'" Cornelia I. Crowell GST Trust v. Possis Med., Inc., 519 F.3d 778, 782 (8th Cir.2008) (quoting Wisdom v. First Midwest Bank, 167

---

[2] Because Plaintiff's petition fails to state a claim upon which relief can be granted, the Court does not address the merits of Defendant's alternative argument that Plaintiff's claim is also barred by the statute of limitations.

[3] In response to Defendant's assertion that Plaintiff's claim was barred by the two-year statute of limitations, Plaintiff proposed amended petition also added the allegation that "Plaintiff learned about the statement and began to suffer financial loss after 2019." [ECF No. 17-1 at ¶2] Because it is not relevant to the question of whether Plaintiff sufficiently plead actual malice, the Court does not consider this additional allegation.

6

F.3d 402, 409 (8th Cir.1999)). An amendment is futile when the amended pleading could not withstand a Rule 12(b)(b) motion to dismiss. Hillesheim v. Myron's Cards & Gifts, Inc., 897 F.3d 953, 955 (8th Cir. 2018).

Here, the proposed amended petition contains the same defect as the original petition, that is, Plaintiff fails to plead factual allegations that support a reasonable inference of the existence of "actual malice." Other than adding the legal conclusion that the statement was "made with actual malice," Plaintiff does not allege any facts from which the Court could reasonably infer that Defendant published the statement knowing it was false or with reckless disregard for whether the statement was false. See Nelson Auto Ctr., Inc., 951 F.3d at 958 (plaintiff must set forth "enough facts from which malice might reasonably be inferred.") Because Plaintiff's proposed amended petition fails to state a claim upon which relief could be granted, the Court denies Plaintiff's motion to file the amended petition.

## IV. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss [ECF No. 11] is **GRANTED** and this case is **DISMISSED without prejudice**. A separate order of dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file an amended complaint [ECF No. 17] is **DENIED**.

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of February, 2023